**O**
previously **JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIBO SHONGSHI GREEN BIOTECH CO., LTD., a Chinese corporation, Petitioner, v. PACIFIC CHEMICAL INTERNATIONAL, INC., a California corporation, Respondent. | Case No. 2:13-cv-04780-ODW (JCx)<br><br>**AMENDED ORDER CONFIRMING ARBITRATION AWARD [17]** |

## I. INTRODUCTION

On December 30, 2013, Petitioner Zibo Shongshi Green Biotech Company, Ltd., filed a Motion to Confirm Arbitration Award against Defendant Pacific Chemical International, Inc. (PCI). (ECF No. 17.) PCI has not opposed this motion; its opposition was due January 13, 2014. L.R. 7-9. PCI's failure to oppose may be deemed consent to the granting of the Zibo's Motion. L.R. 7-12. For the reasons discussed below, the Court hereby **GRANTS** Zibo's Motion and confirms the arbitration award in favor of Zibo.[1]

/ / /

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Zibo is a Chinese corporation in the business of manufacturing and supplying Erythritol.[2] PCI is a California corporation that imports and distributes food additives, including Erythritol, in the United States. (*Id.*)

PCI ordered Erythritol from Zibo from February, 2012 to September, 2012. (Mendelsohn Decl. ¶3.) PCI prepared and issued purchase orders, which Zibo accepted. (*Id.*) Zibo fulfilled its contractual obligations to PCI under each purchase order, but PCI breached the parties' contracts by failing to pay Zibo in full. (*Id.*)

PCI's purchase orders contain an arbitration clause:

> Arbitration: All disputes in connection with this contract or the execution thereof shall be settled by the negotiation between [the] two parties. If no settlement can be reached, the case in dispute shall then be submitted for arbitration in [the] USA or other third-country arbitration agreed by both parties. The decision made by the arbitration organization shall be taken as final and binding upon both parties. The arbitration expenses shall be borne by the losing party unless otherwise awarded by the arbitration organization.

(*Id.* at ¶ 4). Õ

After attempting to resolve its unpaid balance, Zibo filed a Motion to Compel Arbitration on July 2, 2013. (ECF No. 9; Mendelsohn Decl. ¶¶ 5–6.) The Court granted the Motion on July 24, 2013, and ordered the parties to submit their dispute to arbitration. (ECF No. 13.) Zibo initiated the arbitration, but PCI failed or refused to appear for arbitration. (Mendelsohn Decl ¶ 7.) On December 17, 2013, after Zibo submitted its prove-up papers and participated in the arbitration hearing, the appointed arbitrator in this action— the Honorable Charles S. Vogel—issued a Final Arbitration Award in favor of Zibo. The arbitrator awarded Zibo $769,529.73, plus $28,887.50 in

---

[2] Erythritol is a sugar alcohol commonly used as a medium in which to deliver high-intensity sweeteners, especially stevia derivatives. (Mendelsohn Decl. ¶ 2)

attorneys' fees, and costs of $4,399.39, for a total of $802,816.62. (Mendelsohn Decl. Ex. C). Prior to filing this Motion, Zibo wrote to PCI on multiple occasions but received no response. (Mendelsohn Decl. ¶ 8.)

### III. LEGAL STANDARD

Section 9 of the Federal Arbitration Act (FAA) provides a mechanism to confirm an arbitrator's award so that it may be judicially enforced. Under the FAA, "any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected. . . ." 9 U.S.C. § 9 (emphasis added).

A federal court's review of arbitration awards is limited. *See* 9 U.S.C. § 10(a); *see also Biller v. Toyota Motor Corp.*, 668 F.3d 655, 661–62 (9th Cir. 2012), *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). The Arbitration Acts specifies four grounds on which a district court may vacate an arbitration award: 1) fraud in procuring the award; (2) partiality on the part of the arbitrators; (3) gross misconduct by the arbitrators; and (4) the failure of the arbitrators to render a mutual, final, and definite decision. 9 U.S.C. § 10(a).

### IV. DISCUSSION

Zibo seeks confirmation of the December 17, 2013 arbitration award as part of its efforts to collect from PCI. PCI has not opposed Zibo's Motion. Indeed, PCI has been entirely absent from these proceedings. The arbitrator in this matter—the Honorable Charles S. Vogel—provided detailed factual findings and conclusions regarding the arbitration award. (Mendelsohn Decl. Ex. C.) The Court finds no basis to vacate, modify, or correct the arbitration award. Accordingly, the Court must confirm the award. 9 U.S.C. § 9.

Zibo additionally requests post-judgment interest on the total arbitration award from the judgment date. Zibo is entitled to postjudgment interest on its monetary award under 28 U.S.C. § 1961(a). Failure to allow postjudgment interest "would penalize parties for choosing arbitration rather than jury trial, contrary to the 'national

policy favoring arbitration' as an alternative to jury trials." *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1157 (9th Cir. 1988).

Postjudgment interest is awarded from the date of the order in which money damages are awarded. *See* 28 U.S.C. § 1961; *see also Northrop*, 842 at 1156. Thus, the effective judgment date for the purpose of calculating interest is the date of the arbitration award—December 17, 2013. *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013). Accordingly, the Court awards postjudgment interest at the rate provided by 28 U.S.C. §1961 from December 17, 2013 until the date of payment. *See Northrop*, 842 F.2d at 1155 n.2; *Lagstein*, 725 F.3d at 1056.

## V. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Zibo's Motion to Confirm Arbitration Award. (ECF Nos. 17.) The arbitration award is **CONFIRMED** against Pacific Chemical International, Inc. for the total sum of **$802,816.62** with postjudgment interest at the rate provided in 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

January 23, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**